IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| SKYWARD SPECIALTY INSURANCE GROUP, INC., | Case No. 3:21-cv-05553 |
| Plaintiff, | COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, AND LEGAL MALPRACTICE |
| v. | |
| PRECISION RISK MANAGEMENT, INC., and DYNAN & ASSOCIATES, P.S., | |
| Defendants. | |

Plaintiff Skyward Specialty Insurance Group, Inc. ("Skyward") alleges as follows:

## INTRODUCTION

In this action, Plaintiff Skyward seeks relief based on the actions of Defendant Precision Risk Management, Inc., ("PRM") amounting to breach of contract and negligence arising out of PRM's mishandling and denial of an insurance claim, and the actions of Defendant Dynan & Associates, P.S. ("Dynan"), amounting to legal malpractice, based on Dynan's failure to act as a reasonable, prudent, and careful attorney while handling and denying the insurance claim.

## PARTIES

1. Plaintiff Skyward Specialty Insurance Group, Inc. is a Texas corporation with its

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, AND LEGAL MALPRACTICE
Case No.: - 1

SELMAN BREITMAN LLP
600 University Street, Suite 1800
Seattle, WA 98101-4129
T: 206.447.6461  F: 206.588.4185

1481 100063 4817-7508-6826 .v2

principal place of business in Texas. At all relevant times, Skyward was authorized to do business in Washington state.

2. Sirius American Insurance Company ("Sirius") became Delos Insurance Company ("Delos") in 2006. Delos became Imperium Insurance Company ("Imperium") in 2010. Imperium is a wholly-owned subsidiary company of Skyward. Skyward was previously known as Houston International Insurance Group ("Houston"). Sirius, Delos, Imperium, Houston, and Skyward shall be collectively referred to as "Sirius."

3. On information and belief, Defendant Precision Risk Management, Inc. ("PRM") is a California corporation with its principal place of business in California.

4. On information and belief, Dynan & Associates, P.S. ("Dynan") is a Washington corporation, with its principal place of business in Washington state.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over all parties.

6. In this action, Skyward seeks relief against Defendants PRM and Dynan in excess of $75,000.

7. Actual, real, and currently justiciable controversies exist between the parties as to the issues described herein.

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 2201 and 28 U.S.C. § 1332 because Skyward is a citizen of Texas, Defendant PRM is a citizen of California, Dynan is a citizen of Washington state, and the amount in controversy exceeds $75,000.

## THE SIRIUS AND PRM CLAIMS MANAGEMENT AGREEMENT

9. Sirius America Insurance Company and PRM entered into a claims management agreement on April 1, 2002 (the "Agreement").

10. The Agreement provides the following:

    **A.**    **SERVICES**

        (1)    The Company hereby retains the above captioned Claims

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENCE, AND LEGAL MALPRACTICE
Case No.: - 2

SELMAN BREITMAN LLP
600 University Street, Suite 1800
Seattle, WA 98101-4129
T: 206.447.6461  F: 206.588.4185

1481 100063 4817-7508-6826 .v2

Administrator, hereinafter referred to as the "CA" and grants it limited authority subject to the specific terms of this Agreement to manage and settle claims arising under insurance policies issued by the Company on or after the Effective Date, with loss dates occurring subsequent to the Effective Date up until the date of termination (hereinafter referred to as "Claim(s)") in accordance with the **SIRIUS AMERICA INSURANCE COMPANY / UCA GENERAL INSURANCE SERVICES COMMERCIAL BOP PROGRAM**. Such insurance policies issued under the Commercial BOP Program, shall be hereafter referred to as "Policies". CA's authority shall include generally: the processing, investigating, adjusting, compromising, defending, litigating, supervising, denying and payment of Claims, and pursuing and collecting subrogation and salvage recoveries for Claims, according to generally accepted procedures normally followed in the insurance claims business.

\*   \*   \*

B. **OBLIGATIONS OF THE PARTIES**

CA shall diligently manage and pursue the prompt, fair, and just settlement or defense of all Claims in the Company's best interest as outlined herein:

\*   \*   \*

(2)   Claim Reporting Requirements:

\*   \*   \*

(d)   CA shall advise the Company in writing of all Claims, which, in the opinion of CA, involve issues as to the applicability of coverage or liability under the Company's Policies. The Company shall have the right, but not the duty, to render a final decision regarding denial of coverage hereunder.

\*   \*   \*

(6)   CA shall comply with all statutory and/or regulatory requirements relating to the Claims handling process including, but not limited to, completing required reports on behalf of the Company and properly implementing required procedures, including the reasonable investigation of insurance fraud in accordance with customary

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, AND LEGAL MALPRACTICE
Case No.: - 3

SELMAN BREITMAN LLP
600 University Street, Suite 1800
Seattle, WA 98101-4129
T: 206.447.6461  F: 206.588.4185

1481 100063 4817-7508-6826 .v2

industry practices employed by third party claims administrators. The CA shall pay all regulatory fines, penalties, costs or expenses imposed by regulatory agencies resulting solely from CA's failure to promptly or competently perform the duties and responsibilities of the CA under this agreement.

\*   \*   \*

(8) In the course of its duties, CA will:

    (a) Operate in accordance with industry standard third party claims administration practices and provide the Company with written procedures, including promptly forwarding to the Company all revisions and modifications of procedures;

\*   \*   \*

    (c) Conduct an investigation of each reported Claim within the time frames proscribed by applicable insurance regulations and Consumer Protection laws, and/or in accordance with the operations and procedure guidelines of CA;

\*   \*   \*

    (e) Conduct necessary inspections, appraisals, and total loss evaluations;

\*   \*   \*

    (l) Exercise reasonable care at all times in the performance of its duties hereunder;

\*   \*   \*

**I.    INDEMNIFICATION**

(1) Each party agrees to hold harmless, indemnify, and defend the other from any liability, loss, expense, damages, fines, penalties or attorney's fees caused by or resulting from the failure of the indemnifying party or any person acting under the authority of the indemnifying party to comply with (i) any provision or limitations set forth in this Agreement, or (ii) any applicable statute or regulation.

(2) Either party who intends to claim the right of indemnification shall promptly notify the other party when it receives notice of the

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, AND LEGAL MALPRACTICE
Case No.: - 4

SELMAN BREITMAN LLP
600 University Street, Suite 1800
Seattle, WA 98101-4129
T: 206.447.6461  F: 206.588.4185

1481 100063 4817-7508-6826 .v2

(3)   commencement of any action related to such claim or alleged liability, and such other party shall be entitled to participate in such action with counsel satisfactory to both parties.
(3)   In no event does the Company agree to indemnify, hold harmless or defend the CA for the actions or inactions of claims adjusters or third parties otherwise handling claims. The CA shall be fully responsible for the conduct and performance of these claims adjusters and third parties, and shall indemnify and hold the Company harmless against any loss, claim, expense, damages, fines, penalties, or attorney's fees arising out of any act on the part of its adjusters or other third parties, including the failure to maintain appropriate licenses or certificates.
(4)   The foregoing indemnification provisions shall survive termination of this Agreement.

## FACTUAL ALLEGATIONS

11. The Northgate Plaza Condominium is a condominium building located at 9416 1st Avenue Northeast, Seattle, Washington, 98115 (the "Northgate Property"). The Northgate Property was built in approximately 1979.

12. Northgate Plaza Condo Homeowners Association is the homeowners' association for the Northgate Property (the "Association").

13. Sirius America Insurance Company issued a commercial property insurance policy to the Association from policy period October 1, 2003 to October 1, 2004, policy number 68712161-00.[1] The Northgate Property is listed as the insured property under the subject policy.

14. In March 2019, J2 Building Consultants, Inc. ("J2") conducted a limited intrusive investigation of the exterior of the Northgate Property and discovered hidden water damage.

15. On August 1, 2019, the Association tendered an insurance claim to Sirius under the subject policy. The Association requested that Sirius investigate, identify, and pay for the cost of repairing any hidden damage to the Northgate Property under the subject policy. The Association

---

[1] Although Sirius American Insurance Company is referred to throughout this Complaint, Sirius is now owned by Imperium Insurance Company, a subsidiary company of Skyward Specialty Insurance Group, Inc.

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, AND LEGAL MALPRACTICE
Case No.: - 5

SELMAN BREITMAN LLP
600 University Street, Suite 1800
Seattle, WA 98101-4129
T: 206.447.6461  F: 206.588.4185

1481 100063 4817-7508-6826 .v2

also informed Sirius that it anticipated conducting a full strip and re-clad of the Northgate Property, and requested that Sirius be on site at the time of the repair to inspect for any damage. The Association requested that Sirius respond to the tender letter within ten days as to whether it was willing to enter into a tolling agreement.

16. On October 15, 2019, PRM informed the Association that it would be handling the claim and that it scheduled an inspection of the exterior of the Northgate Property for October 23, 2019.

17. On October 23, 2019, Matt Bryant, PRM's construction consultant, conducted an exterior evaluation of the Northgate Property by taking photographs of the exterior of the building.

18. On January 3, 2020, Dynan sent a letter to the Association denying its claim on behalf of Sirius. In its letter, Dynan cited that it was denying coverage because of improperly repaired areas due to wood paneling over stucco. Dynan also cited that the photos showed severe signs of dry and/or wet rot; long term damage; and possible faulty workmanship and/or design. Dynan stated that there was no indication from the Association, their attorneys, or any other party that any covered loss was the origin of an opening in the surface of the structure which allowed surface water to enter. On information and belief, PRM never responded regarding the tolling agreement.

19. On January 20, 2020, the Association began its strip and reclad project at the Northgate Property. During this project, the Association discovered extensive hidden damage observed at the WRB, sheathing, and framing of the building. J2's Finding Report revealed the Northgate Property sustained hidden damage as a result of water intrusion and wind-driven rain, which occurred since the building was constructed in 1979. PRM did not appear for this inspection.

20. The Association sent Dynan an Insurance Fair Conduct Act ("IFCA") notice letter on March 5, 2020, stating that its claim had been unreasonably denied. Specifically, the

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, AND LEGAL MALPRACTICE
Case No.:  - 6

SELMAN BREITMAN LLP
600 University Street, Suite 1800
Seattle, WA 98101-4129
T: 206.447.6461  F: 206.588.4185

1481 100063 4817-7508-6826 .v2

Association stated that Sirius failed to adequately investigate its claim and wrongfully denied its claim under the Sirius policy. The Association requested a response within twenty days of its IFCA notice letter.

21. The Association filed suit against Sirius, Imperium, and Houston (collectively "Sirius") on April 3, 2020 in the United States District Court, Western District of Washington in Seattle, entitled *Northgate Plaza Homeowners Association v. Sirius America Insurance Company, et. al.*, Case No. 2:20-cv-00519.

22. Sirius agreed to attend mediation with the Association on November 4, 2020 in order to resolve the Association's claim against it. In advance of mediation, Sirius informed Dynan and PRM of the mediation and requested their attendance.

23. Neither PRM nor Dynan attended the November 4, 2020 mediation. Sirius settled with the Association for $500,000 in exchange for release of all claims against it on November 5, 2020.

24. On November 12, 2020, Imperium demanded that PRM indemnify Imperium for the settlement amount and all expenses that Imperium incurred as a result of its defense of the Association's claim.

## FIRST CLAIM FOR RELIEF

(Breach of Contract against PRM)

25. Plaintiff re-alleges and incorporates by reference all preceding paragraphs above in their entirety as though fully set forth herein.

26. The Agreement provides that PRM shall diligently pursue the prompt, fair, and just settlement or defense of all claims in Plaintiff Sirius' best interests.

27. The Agreement provides that PRM would comply with all statutory and/or regulatory requirements relating to the claims handling process.

28. The Agreement provides that PRM would operate in accordance with industry standard third-party claims administration practices, conduct a timely investigation of each

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENCE, AND LEGAL MALPRACTICE
Case No.: - 7

SELMAN BREITMAN LLP
600 University Street, Suite 1800
Seattle, WA 98101-4129
T: 206.447.6461  F: 206.588.4185

1481 100063 4817-7508-6826 .v2

reported claim within the applicable insurance regulations and Consumer Protection laws, conduct necessary inspections, and exercise reasonable care at all times in the performance of its duties.

29. Defendant PRM breached the Agreement with Sirius when it conducted an unreasonable investigation into the Association's claim by failing to adequately investigate the damage to the Northgate Property when it merely took photographs, failed to attend the follow-up investigation, and denied the Association's claim based on solely the exterior investigation of the Northgate Property.

30. The Agreement provides that Sirius shall have the right to render a final decision regarding denial of coverage.

31. Defendant PRM breached the Agreement with Sirius when it failed to allow Sirius to render a final decision regarding denial of coverage to the Association.

32. The Agreement provides that each party agrees to hold harmless, indemnify, and defend the other from any liability, loss, expense, damages, fines, penalties or attorney's fees caused by or resulting from the failure of the indemnifying party or any person acting under the authority of the indemnifying party to comply with any provision set forth in the Agreement, or any applicable statute or regulation.

33. The Agreement provides that in no event does Sirius agree to indemnify, hold harmless or defend PRM for actions or inactions of claims adjusters or third parties otherwise handling claims and that PRM shall be fully responsible for the conduct and performance of the claims adjusters and third parties, and shall indemnify and hold harmless Sirius against any loss, claim, expense, damages, fines, penalties, or attorney's fees arising out of any act on the part of its adjusters or other third parties.

34. PRM breached the Agreement with Sirius by failing to indemnify Sirius for PRM's conduct and performance of its claims adjusters regarding its handling of the Association's claim.

35. As a result of Defendant PRM's breach and mishandling of the Association's claim, Plaintiff suffered damages by settling with the Association in an amount in excess of any indemnity

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, AND LEGAL MALPRACTICE
Case No.: - 8

SELMAN BREITMAN LLP
600 University Street, Suite 1800
Seattle, WA 98101-4129
T: 206.447.6461  F: 206.588.4185

1481 100063 4817-7508-6826 .v2

amount covered by the policy.

## SECOND CLAIM FOR RELIEF

(Negligence against PRM)

36. Plaintiff re-alleges and incorporates by reference all preceding paragraphs above in their entirety as though fully set forth herein.

37. PRM owed a duty of care to Sirius.

38. PRM breached that duty when it failed to adequately investigate the Association's claim and allowed Dynan to deny the Association's claim without further investigation.

39. As a result of Defendant PRM's negligence and mishandling of the Association's claim, Plaintiff suffered damages by settling with the Association in an amount in excess of any indemnity amount covered by the policy.

## THIRD CLAIM FOR RELIEF

(Legal Malpractice against Dynan)

40. Plaintiff re-alleges and incorporates by this reference all preceding paragraphs above in their entirety as though fully set forth herein.

41. Dynan owed a duty to Sirius as Dynan's services were intended to benefit, through PRM, Sirius. Dynan owed a duty to comply with the standard of care for attorneys.

42. Dynan breached that duty when it issued the declination letter to the Association without ensuring that such declination was in accordance with applicable statutes and regulations. Dynan's actions fell below that of a reasonable, careful, and prudent practicing attorney.

43. As a result of the breach by Dynan, Plaintiff suffered damages by settling with the Association in an amount in excess of any indemnity amount covered by the policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For general and special damages according to proof thereon;

2. For all statutorily allowed damages;

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, AND LEGAL MALPRACTICE
Case No.: - 9

SELMAN BREITMAN LLP
600 University Street, Suite 1800
Seattle, WA 98101-4129
T: 206.447.6461  F: 206.588.4185

1481 100063 4817-7508-6826 .v2

3. For interest thereon at the maximum legal rate;

4. For attorney's fees and costs; and

5. For such other and further relief as this Court may deem just and proper.

DATED: August 3, 2021

By: */s/ Justin Landreth*
Justin Landreth, WSBA# 44849
SELMAN BREITMAN LLP
600 University Street, Suite 1800
Seattle, WA 98101-4129
Telephone: 206.447.6461
Facsimile: 206.588.4185
jlandreth@selmanlaw.com
Attorney for Plaintiff SKYWARD SPECIALTY INSURANCE GROUP, INC.

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, AND LEGAL MALPRACTICE
Case No.: - 10

SELMAN BREITMAN LLP
600 University Street, Suite 1800
Seattle, WA 98101-4129
T: 206.447.6461  F: 206.588.4185

1481 100063 4817-7508-6826 .v2