UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SKYWARD SPECIALTY INSURANCE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRECISION RISK MANAGEMENT, INC., et al. <br><br> Defendants. | CASE NO. 21-5553 BHS <br><br> ORDER |

THIS MATTER is before the Court on Defendant Precision Risk Management, Inc.'s ("PRM") Motion to Compel Arbitration and to Stay Proceedings or, in the alternative, to Dismiss for Improper Venue without prejudice, Dkt. 12.

**I. BACKGROUND**

Plaintiff Skyward Specialty Insurance Group is a property insurer. Skyward's predecessor engaged Defendant PRM to adjust insurance claims for it in 2002, under a claims management agreement ("the CMA").

The CMA provides that either party can force a dispute into arbitration:

> If any dispute shall arise between the Company and [the Claims Administrator] in respect to the interpretation of this Agreement, or any rights or responsibilities with respect to any matter arising from this Agreement, whether such dispute arises before or after termination of this Agreement, such dispute, upon written notice of any party to the other party, may be submitted to arbitration. The notice shall state the particulars of all principal issues to be resolved, and the other party may submit additional issues for resolution by giving notice to the party requesting arbitration within 10 days of receipt of the notice of arbitration.
> ***
> Said arbitration shall take place in the City of New York, New York, unless some other place is mutually agreed upon by the parties to the arbitration.

Dkt. 13-1 at 12–13.

Even if neither party elects to arbitrate, the CMA unambiguously requires the parties to litigate any disputes arising from the CMA in New York County, New York:

> The [Claims Administrator] and Company hereto agree that all actions or proceedings arising in connection with this Agreement shall be tried and litigated exclusively in the State and Federal courts located in the County of New York, State of New York. The aforementioned choice of venue is intended by the parties to be mandatory and not permissive in nature, thereby precluding the possibility of litigation between the parties with respect to or arising out of this Agreement in any jurisdiction other than specified in this paragraph. Each party hereby waives any right it may have to assert the doctrine of forum non conveniens or similar doctrine or to object to venue with respect to any proceeding brought in accordance with this paragraph, and stipulates that the State and Federal courts located in the County of New York, State of New York shall have in personam jurisdiction and venue over each of them for the purpose of litigating any dispute, controversy, or proceeding arising out of or related to this Agreement.

Dkt. 13-1 at 14.

In March 2019, a Skyward insured, the Northgate Plaza Condo Homeowners Association, discovered water damage at its condominium project in Seattle, Washington. Dkt. 1, ¶ 14. In August 2019, Northgate made a claim under its Skyward property

insurance policy, and Skyward engaged PRM to investigate and handle the claim. *Id.* ¶¶ 15, 16. PRM hired Defendant attorney Mark Dynan to determine whether Northgate's claim was covered under the Skyward policy. Dkt. 15 at 2. On January 3, 2020, Dynan determined that the claim was not covered by the policy and sent a letter denying Northgate's claim, concluding "there was no indication . . . that any covered loss" was the cause of the damage. Dkt. 1, ¶ 18.

Northgate sent Dynan an Insurance Fair Conduct Act ("IFCA") notice letter on March 5, 2020, asserting that the investigation and denial was unreasonable. *Id.* ¶ 20. A month later, Northgate sued Skyward's predecessor,[1] alleging bad faith in its handling of the Northgate claim. *Id.* ¶ 21; *see also Northgate Plaza Homeowners Ass'n v. Sirius Am. Ins. Co.*, No. 20-cv-0519 DWC. Skyward settled with Northgate. Dkt. 16, ¶ 13.

On August 3, 2021, Skyward sued PRM for breach of contract and negligence, alleging that PRM breached the CMA by denying the Northgate claim and inadequately investigating the damage to the Northgate property. Dkt. 1, ¶ 29. Skyward seeks to force PRM to indemnify Skyward for its settlement payment to Northgate and seeks additional damages. *Id.* at 9–10. Skyward also sued Dynan for legal malpractice based on the denial of the Northgate claim. *Id.* at 9.

PRM asks the Court to compel arbitration under the CMA, or to dismiss Skyward's claims against it for improper venue. Dkt. 12. Skyward argues that the dispute

---

[1] The Defendant in the underlying suit, Sirius American Insurance Company, became Delos Insurance Company, which then became Imperium Insurance Company. Imperium is a wholly owned subsidiary of Skyward Specialty Insurance Group, Inc., the plaintiff in this case. Dkt. 1, ¶ 2.

is not subject to arbitration because (1) the arbitration provision is optional, not mandatory; (2) even if the arbitration provision is mandatory, PRM has not complied with the CMA's notice requirements; and (3) in any event, PRM waived its right to pursue arbitration by failing to timely demand it under the CMA. Dkt. 15. Skyward also argues that venue is proper in this Court because the underlying lawsuit was filed here, and the parties have no ties to New York. *Id.*

PRM replies (1) that it complied with the CMA's notice requirements by sending Skyward an Arbitration Demand in October 2021; (2) that either party to the CMA has the right to invoke its right to arbitration, and once invoked, arbitration becomes mandatory; and (3) that it never waived its right to arbitration because it asked Skyward in a phone conversation to submit to arbitration. Dkt. 17. PRM argues the CMA was executed in New York, Skyward's predecessor was incorporated there, and the CMA's venue clause requires that any litigation arising from the CMA occur there, under New York law. Dkt. 15 at 11–12. The issues are addressed in reverse order.

## II.  DISCUSSION

PRM's motion and Skyward's response focus on the arbitrability of their dispute, but the threshold question is whether this is a proper venue for the litigation that Skyward commenced against PRM. The parties' contract, which forms the sole basis for Skyward's claims against PRM, unequivocally provides that any such litigation must be filed and heard in New York, under New York law. It may be that under New York law the arbitration provision is optional, but the venue provision is not.

There are only three exceptions that can make a contract's forum-selection clause unenforceable. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)). A forum-selection clause may be unreasonable and thus unenforceable if: (1) "the inclusion of the clause in the agreement was the product of fraud or overreaching;" (2) "the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced;" and (3) "enforcement would contravene a strong public policy of the forum in which suit is brought." *Id.* (quoting *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)). The party challenging the forum-selection clause carries a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust." *M/S Bremen*, 407 U.S. at 15, 17.

Skyward asks the Court to ignore the CMA's forum-selection clause solely because it no longer has any connection to New York, and New York would be an inconvenient venue for it. Dkt. 15 at 12. It argues that the forum-selection clause is unreasonable and thus unenforceable under *Bremen* because none of the parties are citizens of, nor do they do business in, New York. *Id.* However, mere inconvenience is not one of the *Bremen* exceptions to enforcing a forum-selection clause. Skyward has not carried its heavy burden of demonstrating that any of the three exceptions apply. The parties agreed by mandatory language to resolve disputes in the state of New York, the place the contract at issue was formed.

Absent one of the three *Bremen* exceptions, this Court must enforce the forum-selection clause as contracted by the parties. Thus, even if it denied the motion to compel,

this matter would be the improper venue for this litigation. The proper venue for Skyward's contract-based claims against PRM is New York.

As for the motion to compel arbitration, it appears there is a circuit split about whether a district court can compel arbitration in a different district. The Ninth Circuit has held that the Federal Arbitration Act "does not require venue in the contractually-designated arbitration locale," without addressing whether that analysis would change if the relevant contract also had a valid forum-selection clause compelling venue in another district. *Textile Unlimited, Inc. v. A..BMH & Co., Inc.*, 240 F.3d 781, 783 (9th Cir. 2001). The Tenth Circuit, along with other circuits, have persuasively disagreed with *Textile*, holding that district courts lack authority under the FAA to compel arbitration if the contract's forum-selection clause specifies a particular venue for arbitration. *See, e.g.*, *Ansari v. Qwest Commc'ns Corp.*, 414 F.3d 1214, 1219–20 (10th Cir. 2005).

In any event, Skyward objects to arbitration, arguing that the arbitration provision is not mandatory and that PRM waived its right to arbitrate. Those are issues that must be resolved under New York law, in New York.

The Court would otherwise be inclined to transfer the case to New York for resolution of the arbitration question and, if the dispute is not arbitrable, for this litigation. But Skyward also sued a Washington citizen, Mark Dynan, who is not a party to the contract and who is presumably not subject to personal jurisdiction in New York. Its claims against Dynan are not subject to arbitration or a forum-selection clause. Accordingly, PRM's motion to dismiss for improper venue is **GRANTED**, and Skyward's claims against PRM are **DISMISSED without prejudice**. PRM's motion to

compel arbitration is **DENIED without prejudice**. Skyward's claims against Dynan will remain in this case and in this Court.

IT IS SO ORDERED.

Dated this 12th day of August, 2022.

BENJAMIN H. SETTLE
United States District Judge