1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

SKYWARD SPECIALTY INSURANCE
GROUP, INC.,

Plaintiff,

v.

PRECISION RISK MANAGEMENT, INC.
and DYNAN & ASSOCIATES, P.S.,

Defendants.

NO. 3:21-cv-05553-BHS

DEFENDANT PRECISION RISK
MANAGEMENT, INC.'S RESPONSE
TO MOTION FOR ORDER
APPROVING SETTLEMENT [Dkt.
24]

**NOTE ON MOTION CALENDAR:
November 4, 2022**

 Defendant Precision Risk Management, Inc., ("PRM") responds to Skyward
Specialty's Motion For Order Approving Settlement Between Skyward Specialty and
Dynan & Associates ("Dynan") And Barring Claims [Dkt. 24].

## I. INTRODUCTION

 As explained below, PRM believes the proposed settlement amount is
reasonable and has no objection to a finding of reasonableness.  Nor does PRM
oppose the entry of an Order that terminates the case.  *However,* Skyward Specialty's
Proposed Order goes beyond that.  It asks the Court, in paragraph 2 of its Proposed
Order, to determine as a matter of law – without any analysis of RCW 4.22 et. seq. or
case law applying RCW 4.22 et. seq. – that a reasonableness determination entitles
Skyward to the following requested relief:

DEFENDANT PRECISION RISK MANAGEMENT, INC.'S
RESPONSE TO MOTION FOR ORDER APPROVING
SETTLEMENT [Dkt. 24] – 1
(3:21-cv-05553-BHS)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

PRE035-0001 7055051

*(2) The Court ORDERS that any claims for contribution, allocation, subrogation, and equitable indemnity and any other cause of action in connection with this action against Dynan are hereby BARRED.*

For the reasons discussed below, PRM opposes the relief requested by Skyward Specialty in paragraph 2 of its proposed order.

## II.    DISCUSSION

### A.    Background

As explained by Plaintiff Skyward Specialty Insurance Group ("Skyward Specialty") in its Complaint [Dkt. 1] and in its pending motion [Dkt. 24], PRM adjusted a "first-party coverage" insurance claim for "hidden property damage" as advanced by Northgate Plaza Condominium against various insurers including Skyward Specialty's predecessor Sirius America Insurance Company ("Underlying Claim"). In adjusting the claim, PRM had retained attorney Dynan for a coverage opinion. Attorney Dynan opined that the claim was not covered; and attorney Dynan then authored and sent a denial letter to Northgate Plaza Condominium.

Skyward Specialty later resolved the Underlying Claim by paying Northgate Plaza Condominium $500,000. Skyward asserts that $133,000 of the $500,000 payments reflected a payment of benefits under the policy, and that the $367,000 balance was a "premium" paid to respond to a wrongful denial of coverage and the threat of bad faith.

After settling with Northgate Plaza Condominiums, Skyward then retained counsel to pursue a subrogation claim against PRM and its coverage counsel Dynan, alleging the coverage advice Dynan provided to PRM was wrong; that the claim was wrongfully denied, and Skyward now seeks to recover the $367,000 of the $500,000 it paid to Northgate Plaza Condominium from PRM and its attorney Skyward.

DEFENDANT PRECISION RISK MANAGEMENT, INC.'S
RESPONSE TO MOTION FOR ORDER APPROVING
SETTLEMENT [Dkt. 24] – 2
(3:21-cv-05553-BHS)

PRE035-0001 7055051

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

**B.    Skywards claims against attorney Dynan and PRM.**

Notably, Skyward Specialty provides no discussion or analysis with respect to the potential liability of attorney Dynan, the potential liability of PRM, or causation. On its face, Skyward Specialty's claims in this lawsuit present a non-sequitur.

If in fact attorney Dynan's coverage advice was correct – that is, that the claim was not covered – then Dynan and PRM have no liability.  That is, if the denial was proper, there was no legal malpractice on the part of Dynan and no negligence or breach of contract on the part of PRM as alleged by Skyward Specialty in its Complaint [Dkt. 1] – neither Dynan nor PRM have any liability to Skyward Specialty at all.

On the other hand – if Dynan's coverage advice was wrong and Northgate Plaza Condominium's claim was covered, Skyward Specialty was contractually obliged to pay for any insured property damage under the policy.

The $500,000 payment by Skyward Specialty in response to Northgate Plaza Condominium's alleged $4.8 million property damage claim reflects Skyward Specialty's contractual obligation (as the successor insurer) to its insured Northgate Plaza Condominiums under the Policy.  Indeed, Skyward's payment of $500,000 on a $4.8 million property damage loss seems to reflect an extremely favorable settlement result for Skyward.

However, to the extent Skyward argues that some portion of the $500,000 payment includes a "premium" to mitigate the risk of bad faith exposure to Northgate Plaza Condominiums, it can do no more than *speculate* as to causation and damages, and such "speculative damages" cannot be recovered against Dynan or PRM.  *See, Cho v. City of Seattle,* 185 Wn.App. 10, 16, 341 P.3d 309, 312 (2014)(plaintiff cannot rely on speculation to establish causation).  The threat of bad faith at the time of

DEFENDANT PRECISION RISK MANAGEMENT, INC.'S
RESPONSE TO MOTION FOR ORDER APPROVING
SETTLEMENT [Dkt. 24] – 3
(3:21-cv-05553-BHS)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

PRE035-0001 7055051

settlement – a threat that is ever-present in Washington – does not mean that any part of the $500,000 amount Skyward paid to Northgate Plaza Condominium can be linked to any alleged wrongdoing on the part of Dynan or PRM ; *Anica v. Wal-Mart Stores, Inc.,* 120 Wn. App. 481, 489, 84 P.3d 1231, 1236 (2004), as amended on denial of reconsideration (Feb. 24, 2004)("coincidence is not proof of causation").[1] Notably, at the time Skyward mediated with Northgate Plaza Condominium and agreed to pay the $500,000 settlement amount, *there was no pending bad faith action against Skyward. See, Attachment A (Notice of Dismissal,* USDC, Western District of Washington at Seattle, Case 2:20-cv-00519-DWC).

The settlement amount paid by Dynan reflects a very small percentage of the amount now claimed by Skyward against Dynan – the only potentially culpable defendant. PRM itself cannot be liable in a situation where, as here, PRM relied on the advice of legal counsel to render a coverage determination. To the extent there could be liability, Dynan would bear 100%. Thus, while the amount of the settlement paid by Dynan may be reasonable, the resultant percentage[2] attributed to attorney Dynan in the settlement is not consistent with the relative fault of the original defendants. In the event Skyward further pursues PRM (who has been dismissed from this case) in a New York venue under New York law[3], PRM would still have

---

[1] Skyward provides no factual foundation to support its suggestion that Skyward's fair share was only 1/36th of $4.8 million ($133,333). No information is provided about other coverage available to Northgate Plaza Condominium, when the damage occurred, or when the damage was discovered. All of these unanswered facts are needed before any conclusions can be made about other available coverage or Skywards share. But, as a matter of law, Skyward was jointly and severally liable for all damage occurring in all years. See, e.g. *Gruol Construction Company v. Insurance Company of North America,* 11 Wash.App. 632, 637, 524 P.2d 427 (1974); *Polygon Northwest Co.,* 143 Wash.App. 753, 774, 189 P.3d 777 (2008).

[2] Because the Settlement Agreement, settlement amount, and percentage is "sealed" we do not mention it here.

[3] *See, Order [Dkt. 19]* dismissing PRM based on "improper venue," and recognizing that *"[t]he parties' contract, which forms the sole basis for Skyward's claims against PRM, unequivocally provides that any such litigation must be filed and heard in New York, under New York law."*

DEFENDANT PRECISION RISK MANAGEMENT, INC.'S
RESPONSE TO MOTION FOR ORDER APPROVING
SETTLEMENT [Dkt. 24] – 4
(3:21-cv-05553-BHS)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

claims against attorney Dynan – including a breach of contract claim that would in no event be barred under RCW 4.22 et.seq.

**C.     Overreaching relief is requested by Skyward.**

Skyward now seeks a reasonableness determination with respect to its settlement with attorney Dynan *for the sole purpose* of barring any future claims PRM might have against its own attorney, Dynan.  Skyward's proposed order purports to ask this court to bar *all* claims – whether in tort or contract.  However, Skyward provides no analysis of the statutory scheme (RCW 4.22 et. seq.) or the case law under which it seeks to prevent PRM for pursuing a claim against attorney Dynan, in the event Skyward were to pursue a recovery from PRM in a New York venue under New York law.

Skyward also wrongly assumes that the relationship between PRM and Skyward, or PRM and Dynan are governed by Washington law.  As recognized by this Court: *"that "[t]he parties' contract, which forms the sole basis for Skyward's claims against PRM, unequivocally provides that any such litigation must be filed and heard in New York, **under New York law**."* Dkt. 19 at 4:18-20.

No analysis is provided whatsoever.  It remains uncertain at best, and unlikely, whether RCW 4.22 et. seq. would apply under New York law *at all* or accomplish the tort claim-bar Skyward Specialty now seeks under Washington law.  We do not undertake to make Skyward's arguments or conduct this analysis for Skyward.

**In short – Skyward provides no authority or legal analysis that the settlement, even if determined to be reasonable, would bar any potential contribution claim or "breach of contract" claim (i.e. non-tort claim) PRM might have against attorney Dynan.**

DEFENDANT PRECISION RISK MANAGEMENT, INC.'S
RESPONSE TO MOTION FOR ORDER APPROVING
SETTLEMENT [Dkt. 24] – 5
(3:21-cv-05553-BHS)

PRE035-0001 7055051

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

1   **As such, paragraph 2 of Skyward's Order should not be adopted by**

2   **the Court.  That can be left for later adjudication by Skyward and PRM**

3   **under New York law in the event Skyward decides to pursue its breach of**

4   **contract and negligence claims (dismissed herein) in a New York venue.**

5                              **III.    CONCLUSION**

6           While, the *amount* of the settlement between Skyward Specialty and Dynan

7   may appear reasonable, Skyward Specialty's requested "claim-bar" should be denied,

8   as Skyward does not undertake to analyze how RCW 4.22 et.seq. would apply to the

9   claims Skyward has lodged against PRM (breach of contract and negligence) under

10  New York law; or undertake to address PRM's potential breach of contract claim

11  against attorney Dynan (should Skyward further pursue PRM in New York); or

12  undertake to address the choice of law issues vis-à-vis Skyward's rights against PRM,

13  which is governed by New York law – not Washington law.

14          For this reason, PRM would respectfully urge that the "claim-bar" *relief*

15  requested by Skyward must at this point be denied, and paragraph 2 of Skyward's

16  Order should not be adopted by the Court.  That must be left for later adjudication by

17  Skyward and PRM in the event Skyward decides to pursue its breach of contract and

18  negligence claims (dismissed herein) in a New York venue under New York law.

19          RESPECTFULLY SUBMITTED this 31st day of October, 2022.

20

21          ___s/ Jeffrey D. Laveson_____
            Jeffrey D. Laveson, WSBA No. 16351

22          Eric C. Hanson, WSBA No. 26479
            Attorneys for Precision Risk Management, Inc.

23          CARNEY BADLEY SPELLMAN, P.S.
            701 Fifth Avenue, Suite 3600

24          Seattle, WA 98104
            Phone:  (206) 622-8020

25          Facsimile:  (206) 467-8215

26

DEFENDANT PRECISION RISK MANAGEMENT, INC.'S
RESPONSE TO MOTION FOR ORDER APPROVING
SETTLEMENT [Dkt. 24] – 6
(3:21-cv-05553-BHS)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

PRE035-0001 7055051

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on this 31st day of October, 2022, I electronically filed the

3

foregoing ***Defendant Precision Risk Management, Inc.'S Response To Motion For Order Approving Settlement [Dkt. 24]*** with the Clerk of the Court

4

using the CM/ECF system which will send notification of such filing to the following:

5

**Attorneys for Plaintiff**

6

Justin Landreth, WSBA No. 44849
SELMAN BREITMAN LLP

7

600 University Street, Suite 1800
Seattle, WA 98101-4129

8

Tel: 206.447.6461
Fax: 206.588.4185

9

jlandreth@selmanlaw.com

10

**Attorneys for Defendant Dynan & Associates, P.S.**

11

Neal J Philip, WSBA No. 22350
GORDON REES SCULLY MANSUKHANI LLP (WA)

12

701 Fifth Ave Ste 2100
Seattle, WA 98104

13

206-695-5100
Fax: 877-634-3031

14

nphilip@grsm.com

15

DATED this 31st day of October, 2022.

16

17

 _s/ Allie M. Keihn_
Allie M. Keihn, Legal Assistant

18

19

20

21

22

23

24

25

26

DEFENDANT PRECISION RISK MANAGEMENT, INC.'S
RESPONSE TO MOTION FOR ORDER APPROVING
SETTLEMENT [Dkt. 24] – 7
(3:21-cv-05553-BHS)

PRE035-0001 7055051

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

# ATTACHMENT A

JUDGE DAVID W. CHRISTEL

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
8 WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9
NORTHGATE PLAZA HOMEOWNERS
10 ASSOCIATION, a Washington non-profit
corporation,
11

NO. 2:20-cv-00519-DWC

Plaintiffs,
12
v.

**NOTICE OF DISMISSAL OF
DEFENDANTS SIRIUS AMERICA
INSURANCE COMPANY, IMPERIUM
INSURANCE COMPANY, AND
HOUSTON INTERNATIONAL
INSURANCE GROUP, LTD. WITHOUT
PREJUDICE AND WITHOUT COSTS
AND REQUEST THAT THIS CASE BE
CLOSED**

13
SIRIUS AMERICA INSURANCE COMPANY, a
14 New York corporation; IMPERIUM
INSURANCE COMPANY, a Texas corporation;
15 HOUSTON INTERNATIONAL INSURANCE
GROUP, LTD., a Texas corporation, and DOE
16 INSURANCE COMPANIES 1–10,

17
Defendants.
18

19          Pursuant to FRCP 41(a), Plaintiff Northgate Plaza Homeowners Association (the

20 "Association") hereby dismisses its claim against Defendants Sirius America Insurance Company,

21 Imperium Insurance Company, and Houston International Insurance Group, Ltd. (collectively,

22 hereinafter referred to as "Defendants") without prejudice and without costs.  The Defendants have

23 not served either an answer or a motion for summary judgment, and FRCP Rules 23(e), 23.1(c),

24 23.2 and 66 do not apply to this action. Accordingly, the Association may dismiss its claim against

25
26 Defendants without a court order pursuant to FRCP 41(a). As no other Defendant remains in this

27

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

lawsuit other than Doe Insurance Companies 1-10 which the Association also dismisses without prejudice and without costs, the Association asks that this case be closed.

DATED this 29th day of May, 2020.

STEIN, SUDWEEKS & STEIN, PLLC

/s/ Jessica R. Burns
Jessica R. Burns, WSBA #49852
Jerry H. Stein, WSBA #27721
Justin D. Sudweeks, WSBA #28755
Daniel J. Stein, WSBA #48739
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: jessica@condodefects.com
        jstein@condodefects.com
        justin@condodefects.com
        dstein@condodefects.com
Telephone: (206) 388-0660
*Attorneys for Plaintiff*

NOTICE OF DISMISSAL WITHOUT PREJUDICE
AND WITHOUT COSTS AND REQUEST THAT THIS
CASE BE CLOSED (No. 2:20-cv-00519-DWC) - 2

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660