UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SKYWARD SPECIALTY INSURANCE GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DYNAN & ASSOCIATES, P.S.,<br><br>Defendant. | CASE NO. C21-5553 BHS<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff Skyward Specialty Insurance Group and Defendant Dynan & Associates' Motion for an Order Approving Settlement and Barring Claims, Dkt. 24. Because the proposed settlement is reasonable and because the rights of the non-settling entity, Precision Risk Management, are protected, the motion is GRANTED.

## I. BACKGROUND

In 2004, Skyward's predecessor, Sirius,[1] issued a property insurance policy to the Northgate Plaza Condominium Homeowners Association. Dkt. 1 at 5. In March 2019,

---

[1] This Order will refer to all the insurers as "Skyward" for clarity.

ORDER - 1

Northgate discovered long-term water damage at its property. *Id*. In August 2019, Northgate submitted a $4.8 million claim to Skyward.[2] Skyward assigned its contracted claims administrator, defendant Precision Risk Management ("PRM") to investigate the claim, consistent with its pre-existing "claims management agreement" with PRM. *Id*. at 6; see also Dkt. 13-1. PRM investigated the claim and obtained coverage counsel, Mark Dynan, to opine on whether the claim was covered under Skyward's policy. Dkt. 1 at 6.

Skyward alleges that PRM investigated the claim and that in January 2020, Dynan authored a letter denying Northgate's claim on Skyward's behalf. *Id*. Skyward asserts that Dynan relied on PRM's investigation and that his letter denied the claim based on improper repairs, long term damage, and faulty workmanship/design. *Id*.

In March 2020, Northgate sent Dynan and Skyward an Insurance Fair Conduct Act ("IFCA") notice, alleging that Skyward had failed to adequately investigate its claim and wrongfully denied it under the Skyward policy. Northgate sued in April 2020. *See Northgate Plaza Homeowners Ass'n v. Sirius Am. Ins. Co.*, No. 20-cv-0519 DWC. Northgate alleged that Skyward unreasonably denied its claim "without conducting an intrusive investigation of the hidden damage at the Northgate Plaza Condominium." *See id.*, Dkt. 1 at 4.

//

//

---

[2] It is not clear and perhaps not important whether Northgate sought coverage or indemnity under any other property insurance policy. Skyward apparently insured the property for a single year—2004.

1    Skyward ultimately paid Northgate $500,000 to settle its claims at mediation.
2    Skyward now asserts that its payment included a premium to avoid Northgate's potential
3    bad faith claim against it based on PRM's investigation and Dynan's coverage opinion.
4    In August 2021, Skyward sued PRM for breach contract, including its failure to
5    provide a timely and adequate investigation of Northgate's claim. It sought
6    indemnification for the payment to Northgate based on PRM's claim handling. Dkt. 1 at
7    7. Skyward also sued Dynan for legal malpractice, based on his allegedly negligent
8    coverage opinion and his coverage denial letter. Skyward alleges that Dynan's negligence
9    caused it to pay Northgate an amount "in excess of any indemnity amount covered by the
10   policy." *Id*. at 9.
11   PRM moved to dismiss for improper venue and to compel arbitration under the
12   Skyward/PRM claims management agreement. Dkt. 12. The Court granted that motion,
13   Dkt. 19, leaving in this case only Skyward's legal malpractice claim against Dynan.
14   Skyward and Dynan have now settled, conditioned on the Court's approval of
15   their confidential settlement as reasonable, and the entry of an RCW Ch. 4.22 claim bar
16   order, precluding PRM from seeking to recover from Dynan any sums it may be required
17   to pay Skyward, if Skyward successfully pursues its claims against PRM in New York.
18   //
19   //
20   //
21   //
22   //

## II. DISCUSSION

The parties argue that their settlement is the result of arms-length negotiations, that it is objectively reasonable, and that the non-settling party's[3] (PRM's) interests are protected. Dkt. 24 at 4–7. The settling parties jointly assert that, because they have agreed that Skyward will credit the funds paid by Dynan against any damages recoverable from other entities not party to their settlement agreement (PRM), the agreement cannot operate to increase any of PRM's obligations to Skyward, and that it therefore adequately protects PRM's interests. *Id*. at 3 (citing Dkts. 25 and 27). They assert their settlement and the bar order they seek protects PRM because they will not seek from PRM any amounts that PRM could have recovered from Dynan. Dkt. 24 at 7.

PRM does not oppose the settlement and concedes that it is reasonable. Dkt. 29 at 1. PRM does object to the settling parties' proposed bar order, holding that "any claims for contribution, allocation, subrogation, and equitable indemnity and any other cause of action in connection with this action against Dynan are hereby BARRED." Dkt. 29 at 2.

PRM argues primarily that an Order barring contribution claims under Washington's "fault" statute, RCW Ch. 4.22, relates (only) to tort liability and cannot affect any contractual indemnity claims PRM has against Dynan, if PRM is forced to pay Skyward "the rest" of its damage claim arising from Northgate's claim and Skyward's $500,000 payment to settle it.

---

[3] PRM is no longer a "party," because it elected to invoke its contractual right to have the case arbitrated in New York, under New York law. The remaining parties provided PRM notice of this motion and an opportunity to object to it.

ORDER - 4

PRM also argues that Skyward's calculation of its exposure to Northgate under its policy—a fraction of Northgate's claim, based on its "time on the risk"—is not supported by Washington law. Dkt. 29 at 4 n.1. Indeed, it describes Skyward's entire liability theory against it (and Dynan) as a "non-sequitur." *Id*. at 3.

Dynan asserts, and the Court agrees, that it must evaluate the settlement's reasonableness and the parties' request for a bar order under the so-called *Glover* factors:

    1. Skyward's damages;

    2. the merits of Skyward's liability theory;

    3. the merits of Dynan's defense theory;

    4. Dynan's relative fault;

    5. the risks and expenses of continued litigation;

    6. Dynan's ability to pay;

    7. any evidence of bad faith, collusion, or fraud;

    8. the extent of Skyward's investigation and preparation of the case; and

    9. PRM's interests.

Dkt. 31 at 2 (citing *Glover v. Tacoma Gen. Hosp.*, 98 Wn. 2d 708, 717 (1983) (modified to identify the players in this case)). Dynan asserts that PRM's objections are challenges to the settlement under the second (liability theory) and ninth (non-settling party's interest) *Glover* factors. Dkt. 31 at 3–4.

PRM's criticism of Skyward's liability theory facially makes sense. It asserts that, if Dynan's coverage advice to Skyward was correct—that Northgate's underlying insurance claim was not covered by Skyward's policy—then neither Dynan nor PRM

could be liable for providing that advice. If the advice was wrong, and the underlying claim was covered, then Skyward was contractually obligated to pay its insured for its loss; neither Dynan's advice nor PRM's inadequate investigation caused Skyward to be liable to Northgate under its insurance contract. Dkt. 29 at 3.

Skyward responds that its settlement payment was primarily to resolve its exposure to Northgate's potential[4] bad faith claim (based on the wrongful denial of its claim, based on PRM's inadequate investigation and Dynan's erroneous advice). It asserts that its contractual exposure on Northgate's claim was based on its "time on the risk," which it claims was only one year out of the 36 years between the condominium's construction and the discovery of the damage. It argues that it therefore faced only 1/36 of $4.8 million, or $133,333.33, on Northgate's contract claim against it. It contends that the remainder of its $500,000 payment to Northgate was a premium to avoid a bad faith claim. *See* Dkt. 26 at 2.

PRM correctly points out that, in Washington, a property insurer in this context faces liability for the entire damage (up to its policy limit), unless its policy provides otherwise. Dkt. 29 at 4 n.1 (citing *Gruol Constr. Co. v. Ins. Co. of N. Am.*, 11 Wn. App. 632, 637 (1974)); *see also Am. Nat. Fire Ins. Co. v. B & L Trucking and Constr., Inc.*, 134 Wn. 2d 413, 424 (1998) ("*Gruol* stands for the proposition that all insurers on the

---

[4] PRM argues that Northgate had dismissed its bad faith claim (without prejudice) at the time of its mediation with Skyward, but Skyward correctly points out that if the mediation failed, Northgate presumably would have re-asserted that claim. Skyward also argues that an insurer can be liable for bad faith even in the absence of coverage (a legal reality not often emphasized by insurers).

risk during the time of ongoing damage have a joint and several obligation to provide full coverage for all damages.").

In any event, this debate relates to the substantive merit of Skyward's liability and damages claim against PRM, which is not at issue in this motion. Indeed, the viability of Skyward's claims against PRM are not at issue in this case, because PRM elected to enforce its contractual right to a New York venue (and perhaps a New York arbitration), rather than to assert these arguments in defense of Skyward's claim in this litigation. It also chose not to assert a crossclaim against Dynan, though it asserts he is the "only potentially culpable defendant." Dkt. 29 at 4.

PRM also asserts that it "retained attorney Dynan for a coverage opinion," *id.* at 2, but does not otherwise articulate how Dynan was PRM's attorney. Dynan's coverage opinion and his letter denying Northgate's claim for coverage under Skyward's policy were patently on *Skyward's* behalf, not PRM's. There is no evidence and no inference from the context of the case that Dynan owed PRM a duty of care as PRM's attorney. Dynan (and Skyward) asserts that he was Skyward's coverage counsel—he provided legal advice to Skyward about the applicability of its insurance policy to Northgate's claims—and Dynan denies that he had an attorney client relationship with PRM. Dkt. 31 at 4.

The context of the underlying dispute and of this case supports this conclusion. PRM has not identified any legal advice that it engaged Dynan to provide to it, that it obtained from him, or upon which it relied. On the other hand, Skyward issued the policy, Dynan denied the claim under the policy, Northgate sued Skyward, and Skyward

paid its insured to settle its contract and bad faith claims. The Court agrees that Skyward's liability theory against Dynan supports the settlement and that the amount Dynan has agreed to pay is reasonable.

The other relevant *Glover* factor is whether a bar order adequately protects the interests of the non-settling "party,"[5] PRM. PRM opposes a bar order precluding it from seeking contractual indemnification from Dynan if it is forced to pay Skyward any amount for Northgate's bad faith claim. It argues that any such loss was necessarily caused by Dynan.

Dynan responds that PRM has not articulated a contract claim against him; he was Skyward's counsel, not PRM's. He asserts that he and PRM were Skyward's agents; PRM was engaged to investigate the claim and Dynan was engaged to opine about coverage under the policy. Dkt. 31 at 4–5. The settling parties also emphasize that their settlement *does* protect PRM, because Skyward has agreed it will "reduce its claims against other parties [PRM] by the amount of any contribution and indemnity that the Court determines such parties [PRM] would have recovered against Dynan in the absence of a bar order." *Id.* at 5 (citing Dkt. 24 at 7). In other words, they will seek from PRM indemnity only for the damages caused by PRM's breach of contract, and not those damages caused by Dynan's malpractice.

---

[5] Again, reasonableness determinations and bar orders typically involve a plaintiff settling with one defendant tortfeasor, while continuing to assert tort claims against a different defendant. PRM is not a defendant in this case.

1     The parties also point out that Skyward is not entitled to duplicative damages
2 under Washington law. Dkt. 31 at 5 (citing, *inter alia*, *Eagle Point Condo. Owners Ass'n*
3 *v. Coy*, 102 Wn. App. 697, 702 (2000) ("It is a basic principle of damages, both tort and
4 contract, that there shall be no double recovery for the same injury.")).

5     The Court agrees that it has "the inherent equitable power to enter an order
6 precluding subsequent claims for contribution . . . by non-settling parties." Dkt. 24 at 4
7 (citing *Bank of Am. v. Travelers Indem. Co.*, No. 07-cv-0322 RSL, 2009 WL 529227, at
8 *1 (W.D. Wash. Mar. 2, 2009) (internal quotation marks omitted)). Contribution and
9 indemnity bar orders are "consistent with the public policy in Washington of encouraging
10 settlement." *See Canal Indem. Co. v. Global Dev., LLC*, No. 14-cv-0823-RSM, 2015 WL
11 347753, at *3 (W.D. Wash. Jan. 26, 2015) (citing *Puget Sound Energy v. Certain*
12 *Underwriters at Lloyd's*, 134 Wn. App. 228, 250 (2006)).

13     In the factual and procedural context of this case, and under all the *Glover* factors,
14 the Court concludes that the settlement is reasonable and that a claim bar order is
15 warranted. The settlement and the proposed bar order adequately protect PRM's interests
16 by ensuring that there is no double recovery, and that Skyward will not seek from PRM
17 any amount that PRM could have recovered from Dynan.

18     The motion for a determination of reasonableness and an Order barring indemnity
19 and contribution claims against Dynan, Dkt. 24, is therefore **GRANTED**. Any claims for
20 contribution, allocation, subrogation, and equitable indemnity, and any other cause of
21 action in connection with this action against Dynan are hereby **BARRED**.

22

Finally, Skyward and Dynan ask the Court to certify that its order is a final judgment under Rule 54(b). The purpose of such a request is not clear. This Court has dismissed (without prejudice) Skyward's claims against PRM. The only claims currently in the case are asserted by the sole plaintiff, Skyward, against the only remaining defendant, Dynan, and this Order determines that the settlement of those claims is reasonable. If the purpose of the certification is to permit non-party PRM to appeal this Order before the case is dismissed (because Dynan will not settle absent a binding bar order), that request is **GRANTED**. There is no reason to delay entry of a final judgment on the only remaining claims. If that is not the basis for the request, the parties should stipulate to the dismissal of the matter with prejudice or file a joint status report explaining the request and "next steps" in the case, within 14 days.

IT IS SO ORDERED.

Dated this 25th day of January, 2023.

BENJAMIN H. SETTLE
United States District Judge